FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 26 AM 8:41
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| RENARDO A. SIMS | * | |
| Plaintiff, | * | |
| v. | * | CV 618-079 |
| KEVIN MARLER, OFFICER DEITEMAN, OFFICER KELLS, CAPTAIN EADY, | * | |
| Defendants. | * | |

**O R D E R**

Pending before the Court are *pro se* Plaintiff Renardo Sims' first and second motions for leave to file an amended complaint. (Docs. 41, 42.) Also pending is Plaintiff's motion for reconsideration of this Court's February 14, 2020 Order overruling his objections to the Report and Recommendation. (Doc. 43.). Plaintiff's motions are denied for the following reasons.

Plaintiff's motions to amend his complaint cite to Federal Rules of Civil Procedure 15(a) and 19(a). "Rule 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quotation omitted). Rule 19 governs joinder. It appears that Plaintiff misinterprets the term joinder as meaning a joinder of allegations rather than joinder of parties. Neither Rule 15 nor 19 afford

Plaintiff the opportunity to amend his complaint post judgment. Therefore, Plaintiff's motions to amend his complaint (Docs. 41, 42) are **DENIED**.

Plaintiff's third motion seeks reconsideration of the Order overruling his objections to the Report and Recommendation. Plaintiff does not indicate which Rule he relies on in his motion. A motion for reconsideration can be made under Rule 59 or Rule 60. Shaarbay v. State of Florida, 269 F. App'x 866, 867 (11th Cir. 2008). Therefore, when the movant does not indicate under which Rule he is filing, the Court must determine which Rule fits best. See, e.g., Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905 (M.D. Ga. Sept. 30, 2011) (explaining how courts decide whether a motion for reconsideration should be decided under Rule 59(e) or Rule 60(b)). When a motion for reconsideration of a judgment is filed within the twenty-eight-day time period set forth in Rule 59(b), the motion should be considered a motion to amend or alter a judgment pursuant to Rule 59(e), not Rule 60. See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003). Because Plaintiff filed his motion within twenty-eight days of the Court's Order dismissing the petition, the instant motion will be construed as a Rule 59(e) motion.

Besides the difference in timing, Rule 59(e) allows courts to reconsider "matters encompassed in a decision on the merits of a dispute," making it a better fit for Plaintiff's motion. Shaarbay, 269 F. App'x at 867 (citation omitted); see also Mahone, 326 F.3d at 1178 n.1 (comparing Rule 59(e) to Rule 60). Nonetheless, Rule 59(e)

2

cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Relitigating old matters is exactly what Plaintiff attempts to do in his motion. Accordingly, Plaintiff's motion for reconsideration (Doc. 43) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of March, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA